**Robert M. LEVINE, Plaintiff–Appellant,**

v.

**Richard KLING, Defendant–Appellee.**

No. 96–2279.

United States Court of Appeals, Seventh Circuit.

Submitted April 1, 1997.

Decided Aug. 14, 1997.

See also: 5 F.3d 1100.

Robert M. Levine (submitted), United States Penitentiary, Florence, CO, Pro Se.

Daniel J. Pope, Bell, Boyd & Lloyd, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.

POSNER, Chief Judge.

Robert Levine was convicted of using interstate commerce to commit murder for hire. 18 U.S.C. § 1958(a). After we upheld his conviction, *United States v. Levine*, 5

F.3d 1100 (7th Cir.1993), he brought this damages suit for malpractice against Richard Kling, his court-appointed appellate counsel, basing jurisdiction on diversity of citizenship. The district court dismissed the suit for failure to state a claim under Illinois law, which all agree is the law applicable to the substantive issues in the case. 922 F.Supp. 127 (N.D.Ill.1996). The question presented by the appeal, on which we can find no Illinois case, is whether a suit for legal malpractice committed in the defense of a criminal case will lie if the plaintiff cannot establish (as by a successful collateral attack on the conviction) that he was innocent of the crime with which he was charged.

Most cases answer "no," e.g., *Peeler v. Hughes,* 909 S.W.2d 494, 497–98 (Tex.1995); *Glenn v. Aiken,* 409 Mass. 699, 569 N.E.2d 783, 788 (1990); but see *Krahn v. Kinney,* 43 Ohio St.3d 103, 538 N.E.2d 1058, 1061 (1989), and we expect that the Supreme Court of Illinois if faced with the question would give the same answer. The only way in which a criminal defendant could establish injury in a case of malpractice against his defense counsel would be by showing that competent counsel would have obtained an acquittal for him. Yet because of the heavy burden of proof in a criminal case, an acquittal doesn't mean that the defendant did not commit the crime for which he was tried; all it means is that the government was not able to prove beyond a reasonable doubt that he committed it. On Levine's view there would be cases in which a defendant guilty in fact of the crime with which he had been charged, and duly convicted and imprisoned (perhaps after a retrial in which he was represented by competent counsel), would nevertheless obtain substantial damages to compensate him for the loss of his liberty during the period of his rightful imprisonment.

■ Not only would this be a paradoxical result, depreciating and in some cases wholly offsetting the plaintiff's criminal punishment, but it would be contrary to fundamental principles of both tort and criminal law. Tort law provides damages only for harms to the plaintiff's legally protected interests, *Restatement (Second) of Torts,* § 1 comment d, § 7(1) (1965), and the liberty of a guilty criminal is not one of them. The guilty criminal may be able to obtain an acquittal if he is skillfully represented, but he has no right to that result (just as he has no *right* to have the jury nullify the law, though juries sometimes do that), and the law provides no relief if the "right" is denied him.

■ Criminal law entitles a criminal defendant to competent counsel, but the consequence if counsel is incompetent and conviction results is a new trial, not an acquittal. E.g., *Holman v. Page,* 95 F.3d 481, 492 (7th Cir.1996). If the defendant is guilty in law, eventually he will probably be convicted even if competently represented—and he should be. To award the defendant eventually justly convicted and imprisoned substantial money (here $3.5 million is sought) for the loss of his liberty, or for that matter any money, is to give him relief to which criminal law, and the federal constitutional right to counsel, does not entitle him.

■ We used the awkward term "guilty in law" to distinguish the case in which the defendant is guilty in fact but has a sound legal defense, such as double jeopardy, from a case in which he is both guilty in fact and has no sound legal defense yet might, because of the heavy burden of proof on the prosecution, have obtained an acquittal if he had had a skillful lawyer. Only in the second case is the malpractice suit against the less-than-skillful lawyer barred.

We cannot see what difference it makes that the malpractice alleged here is that of appellate rather than trial counsel. A victory on appeal is worth little unless it results in an acquittal. More important, a victory on appeal by a "guilty" defendant in the sense of a defendant who should be convicted on remand again vindicates an interest, that of the acquittal of the guilty, that the law does not protect. The guilty have procedural rights, but they are vindicated by arguments and submissions at trial, by appeals, and by post-conviction attacks on the conviction or sentence, not by acquittal, or by damages in lieu of acquittal as sought here.

■ But the district court should not have dismissed Levine's suit with prejudice. He has not yet exhausted his postconviction

remedies. Should he succeed in getting his conviction overturned, he can bring a new malpractice suit, cf. *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), though he will have to prove in that suit by a preponderance of the evidence that he was in fact innocent, and not just lucky. If his postconviction attacks on the conviction fail, then he cannot bring a malpractice suit even if he is prepared to present evidence that he was innocent in fact, and his conviction therefore unjust. For by operation of the doctrine of collateral estoppel, a valid criminal conviction acts as a bar to overturning that conviction in a civil damages suit. *Appley v. West,* 832 F.2d 1021, 1025–26 (7th Cir.1987); *Scherer v. Balkema,* 840 F.2d 437, 442 (7th Cir.1988); *Restatement (Second) of Judgments,* § 85(2)(a) and comment e (1982). Affirmed.