ROGER F. MOORE, Plaintiff-Appellant, v. CARROLL L. OWENS, Defendant-Appellee.

Fifth District   No. 5—97—0936

Opinion filed August 11, 1998.

Eric M. Rhein, of Eric M. Rhein, P.C., of Belleville, for appellant.

James C. Cook, of Walker & Williams, P.C., of Belleville, for appellee.

JUSTICE MAAG delivered the opinion of the court:

On January 29, 1993, plaintiff, Roger Moore, was arrested and charged with driving under the influence of alcohol (DUI) (625 ILCS 5/11—501 (West 1992)) and several other traffic offenses. Moore was represented by Carroll Owens, the Franklin County public defender. After a jury trial on August 31, 1993, Moore was convicted on the DUI charge. The next day, Owens filed a motion to withdraw as Moore's counsel. Moore appealed the conviction on a variety of grounds. On March 29, 1996, this court reversed Moore's conviction based on the ineffective assistance of counsel, and we remanded for a new trial. *People v. Moore*, 279 Ill. App. 3d 152, 663 N.E.2d 490 (1996). Unknown to this court at the time, some nine months prior to the date we filed our opinion reversing Moore's conviction, Moore entered into a plea agreement with the Franklin County State's Attorney in a different, unrelated case. As a part of that plea in the other case, Moore agreed to the following matters with respect to his then-pending DUI appeal:

1. Moore agreed to dismiss the appeal of his DUI conviction.

2. Moore agreed that if the appeal of the DUI conviction could not be dismissed, any decision on the appeal would be considered moot.

3. Moore signed a letter to be sent to the appellate defender's office, authorizing the dismissal of his appeal.

As stated previously, this court was never made aware of Moore's agreement to dismiss his appeal in the DUI case. We still do not know the reason for the failure to move for a dismissal.

After this court's March 29, 1996, opinion in the DUI case, the circuit court on remand dismissed the DUI charge against Moore pursuant to the plea agreement. Moore then sued Owens for legal malpractice. The circuit court granted Owens' motion for summary judgment on statute of limitations grounds, and Moore appeals.

Moore's initial brief is devoted to a discussion of the statute of limitations issue. Owens' brief responds to the statute of limitations argument but also raises a claim that the plea agreement renders

moot the matters at issue in this case and independently justifies summary judgment.

■ It is axiomatic that we are not bound by the trial court's reasoning and may rely upon any ground present in the record to sustain the trial court's decision. *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 148, 478 N.E.2d 384 (1985). For this reason, we need not address the statute of limitations issue. Instead, we view the grant of a summary judgment as proper for a wholly distinct reason.

■ The elements of a legal malpractice claim in Illinois are: (1) the existence of an attorney-client relationship, (2) a duty arising from that relationship, (3) a breach of that duty on the part of the attorney, (4) proximate cause, and (5) damages. *Wissore v. Alvey*, 204 Ill. App. 3d 931, 562 N.E.2d 978 (1990). In a legal malpractice case arising from the conviction of a criminal defendant allegedly due to the ineffective assistance of counsel, some courts subscribe to the rule that the client/criminal defendant must also prove the additional element of "actual innocence." While no Illinois case has previously addressed this issue, the following cases are illustrative of decisions which have applied this rule: *Levine v. Kling*, 123 F.3d 580 (7th Cir. 1997) (applying and predicting Illinois law); *Peeler v. Hughes*, 909 S.W.2d 494 (Tex. 1995); and *Glenn v. Aiken*, 409 Mass. 699, 569 N.E.2d 783 (1991). Other courts have refused to adopt such a requirement. *Krahn v. Kinney*, 43 Ohio St. 3d 103, 538 N.E.2d 1058 (1989) (and cases cited therein). Both Moore and Owens seem to agree that proof of innocence is an element of proof in Moore's case. We agree with those courts which require the criminal defendant to prove his innocence in a later legal malpractice action against his criminal defense counsel. We hereby adopt that rule. We must now consider the application of such a rule.

> "Tort law provides damages only for harms to the plaintiff's legally protected interests, *Restatement (Second) of Torts*, § 1 comment d, § 7(1) (1965), and the liberty of a guilty criminal is not one of them. The guilty criminal may be able to obtain an acquittal if he is skillfully represented, but he has no right to that result (just as he has no *right* to have the jury nullify the law, though juries sometimes do that), and the law provides no relief if the 'right' is denied him.
>
> Criminal law entitles a criminal defendant to competent counsel, but the consequence if counsel is incompetent and conviction results is a new trial, not an acquittal. *E.g., Holman v. Page*, 95 F.3d 481, 492 (7th Cir. 1996). If the defendant is guilty in law, eventually he will probably be convicted even if competently represented—and he should be. To award the defendant eventually justly convicted and imprisoned substantial money *** for the loss of his liberty, or for that matter any money, is to give him relief to

which criminal law, and the federal constitutional right to counsel, does not entitle him." (Emphasis in original.) *Levine*, 123 F.3d at 582.

■ We do not believe that even if a criminal defendant is acquitted on retrial, that alone will suffice as proof of innocence, although it may be evidence for a fact finder to consider. Rather, because of the different burdens of proof in a civil trial and a criminal trial, we believe that the plaintiff must also prove independently in the civil trial that he was actually innocent and "not just lucky." *Levine*, 123 F.3d at 583.

Given defendant's plea agreement, in which he agreed to dismiss his appeal of the DUI conviction, he effectively agreed to allow his conviction to stand. We must hold him equitably estopped now to rely on the reversal of his conviction to show his innocence. *Cf. Dryz v. Bol*, 19 Ill. App. 2d 406, 153 N.E.2d 859 (1958); *Edwards v. Holcomb*, 67 Ill. App. 2d 479, 214 N.E.2d 512 (1966). After all, under his plea agreement he stated his willingness to let the conviction stand. Moreover, it was solely because of the plea agreement that on remand the charges were dismissed and he was not retried. We also note that Moore has never claimed in his legal malpractice action either in the trial court or this court that he was actually innocent. He has only claimed that his conviction was reversed. Proof that a conviction was reversed based on the ineffective assistance of counsel is vastly different from proof of innocence.

For the foregoing reasons, the order granting summary judgment in favor of Owens is affirmed.

Affirmed.

WELCH, P.J., and CHAPMAN, J., concur.