FIRST DIVISION
March 31, 2011

No. 1-09-2923

| | |
|---|---|
| JOSE HERRERA-CORRAL, MARIBEL HERRERA and EDUARDO HERRERA, | ) Appeal from the<br>) Circuit Court of<br>) Cook County. |
|    Plaintiffs-Appellants, | )<br>) No. 08 L 009003 |
|    v. | )<br>) |
| LAWRENCE H. HYMAN, | ) The Honorable<br>) Elizabeth M. Budzinski, |
|    Defendant-Appellee. | ) Judge Presiding. |

PRESIDING JUSTICE HALL delivered the judgment of the court with opinion.

Justices Hoffman and Rochford concurred in the judgment and opinion.

## OPINION

The plaintiffs, Jose Herrera-Corral, his wife, Maribel Herrera, and their son, Eduardo Herrera, (collectively, Mr. Herrera-Corral), appeal from an order of the circuit court of Cook County dismissing their complaint for legal malpractice against the defendant, Lawrence H. Hyman (Mr. Hyman). The sole issue raised on appeal is whether the circuit court erred in dismissing the complaint.

PROCEDURAL BACKGROUND

I. Federal Court Proceedings

In 2002, Mr. Herrera-Corral and his father-in-law, Fidel Robeles-Ortega, entered pleas of guilty in federal court to conspiring to possess cocaine with intent to distribute. Their plea agreements reserved the right to appeal the denial of their

joint motion to suppress. At the time of the entry of the plea agreement, Mr. Hyman represented Mr. Herrera-Corral; Mr. Robeles-Ortega was represented by different counsel. Mr. Robeles-Ortega appealed; the plaintiff did not.

While Mr. Robeles-Ortega's appeal was pending, Mr. Herrera-Corral filed a federal *habeas corpus* petition alleging, *inter alia*, that Mr. Hyman's failure to file an appeal and failure to remain available to him during the 10 days to file an appeal constituted ineffective assistance of counsel. The district court denied the petition, but the court of appeals remanded the case, ordering that the petition be granted. *Corral v. United States*, 498 F.3d 470 (7th Cir. 2007).

Initially, the court of appeals noted that it had ruled in Mr. Robeles-Ortega's appeal that the suppression motion should have been granted. See *United States v. Robeles-Ortega*, 348 F.3d 679 (7th Cir. 2003). As a result, Mr. Robeles-Ortega was released from prison. *Corral*, 498 F.3d at 471. The court found that Mr. Hyman's failure to remain available to Mr. Herrera-Corral during the 10 days in which the notice of appeal was required to be filed constituted ineffective assistance of counsel. As a result, Mr. Herrera-Corral "[was] entitled to an appeal." *Corral*, 498 F.3d at 475. The case was remanded to the district court. On October 12, 2007, the district court dismissed the indictment against Mr. Herrera-Corral, vacated his sentence and ordered him released from custody.

No. 1-09-2923

## II. Cook County Circuit Court Proceedings

On August 14, 2008, Mr. Herrera-Corral filed a multi-count complaint against Mr. Hyman, alleging legal malpractice, breach of fiduciary duty, breach of contract and loss of consortium, all stemming from Mr. Hyman's ineffective assistance of counsel.[1] Subsequently, he filed an amended complaint alleging the same causes of action. Mr. Hyman filed a combined motion to dismiss pursuant to sections 2-615 (failure to state a cause of action) and 2-619 (a)(5) (complaint filed untimely) of the Code of Civil Procedure (the Code). 735 ILCS 5/2-615, 2-619(5) (West 2008)). On October 13, 2009, the circuit court dismissed the amended complaint with prejudice. This timely appeal followed.

### ANALYSIS

Mr. Herrera-Corral raises several arguments in support of his contention that the circuit court erred in dismissing his complaint. As we conclude that the amended complaint was properly dismissed pursuant to section 2-615 for failing to state a cause of action, we need not address the remaining arguments raised by Mr. Herrera-Corral.

---

[1] Mr. Herrera-Corral also alleged that Mr. Hyman breached his fiduciary duty to him by operating under a conflict of interest. The court of appeals did not reach that claim, but stated that Mr. Herrera-Corral would not be able to establish that the presumed conflict adversely affected his representation. *Corral*, 498 F.3d 470.

3

No. 1-09-2923

## I. Standard of Review

We apply the *de novo* standard of review to the circuit court's ruling on dismissal pursuant to section 2-615 of the Code (735 ILCS 5/2-615, 2-619 (West 2008)). See *R&B Kapital, LLC v. North Shore Community Bank & Trust Co.*, 358 Ill. App. 3d 912, 920, 832 N.E.2d 246 (2005).

## II. Discussion

A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint. All well-pleaded facts alleged in the complaint are taken as true. *R&B Kapital, LLC,* 358 Ill. App. 3d at 920. " 'On review of a section 2-615 dismissal, the reviewing court must determine whether the allegations of the complaint, when interpreted in a light most favorable to the plaintiff, sufficiently set forth a cause of action on which relief may be granted.' " *R&B Kapital, LLC*, 358 Ill. App. 3d at 920 (quoting *Carroll v. Faust*, 311 Ill. App. 3d 679, 684, 725 N.E.2d 764 (2000)). A dismissal should be granted only where the plaintiff can prove no set of facts to support the cause of action asserted. *R&B Kapital, LLC,* 358 Ill. App. 3d at 920.

A cause of action for legal malpractice consists of the following elements: (1) an attorney-client relationship; (2) a duty arising out of that relationship; (3) a breach of that duty; (4) causation; and (5) actual damages. *Griffin v. Goldenhersh*, 323 Ill. App. 3d 398, 404, 752 N.E.2d 1232 (2001). Where a legal malpractice case arises from a criminal conviction, the client

4

No. 1-09-2923

must prove the additional element of his or her actual innocence of the criminal charges. *Moore v. Owens*, 298 Ill. App. 3d 672, 674, 698 N.E.2d 707 (1998); see *Winniczek v. Nagelberg*, 394 F.3d 505, 507 (7th Cir. 2005) (collecting Illinois cases). Under Illinois law, where a plaintiff does not claim to be innocent of the crime for which he was convicted, he cannot bring a suit for legal malpractice. *Winniczek*, 394 F.3d at 507.

Mr. Herrera-Corral devotes a large part of his argument to the issue of when his cause of action for legal malpractice accrued. However, his legal malpractice claim never accrued in this case because he did not and could not plead and prove that he was actually innocent of the drug conspiracy charge to which he pleaded guilty.

The dismissal of the indictment in this case did not constitute a finding of Mr. Herrera-Corral's guilt or innocence of the charge in this case. The court of appeals merely determined that, because he was denied the effective assistance of counsel, Mr. Herrera-Corral was entitled to an appeal of the suppression issue. On remand, the district court dismissed the indictment and vacated his sentence. An acquittal because illegally seized evidence was used against a defendant is unrelated to innocence. *Winniczek,* 394 F.3d at 508.

Mr. Herrera-Corral's reliance on *Griffin* is misplaced. *Griffin* dealt with when a cause of action for legal malpractice arising out of a criminal case accrued. Contrary to Mr. Herrera-

5

No. 1-09-2923

Corral's argument, the dispositive issue in this case is not when his legal malpractice case accrued, but if it accrued at all where he was unable to plead and prove his actual innocence of the drug conspiracy charge.

We also reject Mr. Herrera-Corral's contention that the amended complaint alleged his "innocence" sufficiently to satisfy the public policy of Illinois. See *Paulsen v. Cochran*, 356 Ill. App. 3d 354, 359, 826 N.E.2d 526 (2005) (a criminal defendant must meet a different standard than a civil litigant to eliminate the possibility that someone found guilty would profit from his criminal activity). In support of his contention, Mr. Herrera-Corral cites *United States v. MacDonald*, 456 U.S. 1 (1982).

In *MacDonald*, the United States Supreme Court addressed whether the defendant's speedy trial rights were violated given the delay between the dismissal of murder charges by the military and his indictment by the government on the same charges. Mr. Herrera-Corral relies on the Court's statement that once indictments are dismissed, an individual was legally and constitutionally in the same posture as though no charges had been brought. However, the Court then continued as follows: "[the defendant] was free to go about his affairs, to practice his profession, and to continue with his life." *MacDonald*, 456 U.S. at 10. The Court did not hold that the dismissal of an indictment automatically rendered a defendant innocent of the charge or charges. See also *Moore*, 298 Ill. App. 3d at 675

6

(acquittal upon retrial alone will not suffice as proof of innocence; the plaintiff must prove that he was actually innocent). Thus, the allegation in the amended complaint that the indictment against him had been dismissed did not sufficiently plead "actual innocence" for purposes of Mr. Herrera-Corral's legal malpractice claim.

Mr. Herrera-Corral then requests that this court recognize an exception to the actual innocence rule, where the alleged malpractice did not result in a conviction but rather, the loss of the benefit of the bargain. In this case, Mr. Herrera-Corral points out that he lost the right to appeal the denial of the motion to suppress, a benefit he achieved in pleading guilty.

An exception to the actual innocence rule was recognized in *Morris v. Margulis*, 307 Ill. App. 3d 1024, 718 N.E.2d 709 (1999), *rev'd on other grounds*, 197 Ill. 2d 28, 754 N.E.2d 314 (2001). In that case, the appellate court held that the actual innocence rule did not apply to a claim for breach of fiduciary duty, where it was alleged that a criminal attorney intentionally worked to secure his client's conviction. *Morris*, 307 Ill. App. 3d at 1039. The court determined that the case did not present a traditional legal malpractice claim and therefore did not present an opportunity to reconsider the decision in *Moore*. *Morris*, 307 Ill. App. 3d at 1039.

This court has previously rejected the opportunity to create another exception to the actual innocence rule. In *Paulsen*, the

client filed a legal malpractice suit against his attorney to challenge the sentence he received pursuant to a plea agreement. *Paulsen*, 356 Ill. App. 3d at 364. On review, we observed that since the decision in *Morris*, Illinois courts and the Seventh Circuit, when applying Illinois law, had reaffirmed that proof of actual innocence was needed to state a cause of action for legal malpractice against a criminal defense attorney. *Paulsen*, 356 Ill. App. 3d at 360. The out-of-state cases relied on by the client were not persuasive as those states had not adopted the actual innocence rule. *Paulsen*, 356 Ill. App. 3d at 363.

Mr. Herrera-Corral relies on *Hilario v. Reardon*, 960 A.2d 337 (N.H. 2008). Like Illinois, the New Hampshire courts have adopted the actual innocence rule. In that case, Mr. Hilario pleaded guilty and agreed to cooperate in other investigations in exchange for suspension of a portion of his sentence. The trial court denied Mr. Hilario's petition for suspension of his sentence, finding that he breached the plea agreement when his attorney later moved to withdraw the guilty plea. The reviewing court held that the actual innocence rule did not apply where the alleged acts of malpractice did not challenge the convictions, and there was no argument that, if the attorney had acted differently, there would have been a different result. *Hilario*, 960 A.2d at 345.

Nonetheless, the court in *Hilario* recognized that, in cases to which the actual innocence rule is applicable, "courts are

8

generally concerned with malpractice actions that, even if they do not directly challenge the underlying conviction, tend to undermine or indirectly challenge it." *Hilario*, 960 A.2d at 343. Mr. Herrera-Corral's legal malpractice claim indirectly challenged his conviction in that, even though he had pleaded guilty, were his appeal to be successful, he would have been acquitted and released. As we noted above, an acquittal based on the exclusion of evidence is not related to innocence.

We find nothing in *Hilario* to persuade us to abandon the actual innocence rule in a legal malpractice suit arising from a criminal case. Therefore, we will continue to adhere to the rule unless directed otherwise by a decision of our supreme court.

We conclude that Mr. Herrera-Corral cannot plead his actual innocence of the drug conspiracy charge. Therefore, he cannot state a cause of action in tort for legal malpractice arising from a criminal case. Moreover, his inability to plead actual innocence also precludes his causes of action for breach of fiduciary duty and breach of contract as those claims arose from the same acts of legal malpractice as did the tort claim. Compare *Winniczek*, 394 F.3d 505 (breach of contract claim involved a fee dispute, not incompetent representation); *Morris*, 307 Ill. App. 3d 1024 (breach of fiduciary duty involved intentional wrongdoing by the attorney and was not a traditional legal malpractice claim).

CONCLUSION

The dismissal of the amended complaint for failure to state a cause of action was correct. Deciding this case as we do, we need not address the loss of consortium claims of Mrs. Herrera and Eduardo Herrera, as those claims were dependent on the viability of the legal malpractice cause of action.

For all of the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.