# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Fink v. Banks, 2013 IL App (1st) 122177**

---

| | |
|---|---|
| Appellate Court Caption | MICHAEL FINK, Plaintiff-Appellant, v. SHELDON BANKS, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-12-2177 |
| Filed | September 11, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of plaintiff's legal malpractice claim alleging that defendant provided ineffective assistance in plaintiff's Wisconsin trial for the attempted first degree intentional homicide of his girlfriend was affirmed on the ground that plaintiff was unable to establish that he was innocent of the underlying criminal charge, notwithstanding the fact that his conviction was ultimately vacated and a conviction was entered for endangering safety, since Illinois requires proof of actual innocence, proof of actual innocence is "total vindication" or "exoneration," and the vacation of his conviction was based on the denial of effective assistance of counsel, not his actual innocence. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-3267; the Hon. Eileen M. Brewer, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Alexander Hattimer Loftus, of Fichera & Miller, P.C., of Chicago, for appellant. |
| | |
| | Donald J. Brown, Jr., of Donohue Brown Mathewson & Smyth LLC, of Chicago, for appellee. |
| | |
| Panel | JUSTICE HYMAN delivered the judgment of the court, with opinion. Presiding Justice Neville and Justice Mason concurred in the judgment and opinion. |

## OPINION

¶ 1      This is a legal malpractice action against the criminal defense attorney who had represented plaintiff at trial for attempted first degree intentional homicide in the shooting of his girlfriend. The incident and the trial occurred in Wisconsin. A jury convicted plaintiff, Michael Fink, and the trial court sentenced him to 10 years in prison and 6 years' extended supervision. Defendant, Sheldon Banks, an Illinois attorney, represented Fink with the assistance of local Wisconsin counsel. Fink's conviction was later vacated on the basis of ineffective assistance of trial counsel, and a new trial was ordered. Wisconsin authorities then charged Fink with first degree recklessly endangering safety, a lesser included offense of attempted first degree intentional homicide. After a bench trial, Fink was convicted of second degree recklessly endangering safety and given a stayed sentence of five years of initial confinement plus three years of extended supervision.

¶ 2      Fink filed a two-count legal malpractice complaint against Banks alleging: (i) negligent representation in the first criminal trial and (ii) breach of fiduciary duty for failing to refund money to retain a firearms expert who was never hired. Banks filed a motion to dismiss count I on the grounds that Fink's second conviction precludes him from establishing his actual innocence, which is a prerequisite for a criminal legal malpractice claim, and count II on the grounds that it is barred under the statutes of limitations and repose. Fink moved for partial summary judgment arguing Wisconsin law should apply to the issue of actual innocence because Wisconsin had a more significant relationship with the case. On July 13, 2012, the trial court entered an order granting Banks' motion to dismiss with prejudice and denying Fink's motion for partial summary judgment.

¶ 3      The trial court properly dismissed Fink's complaint alleging legal malpractice against Banks by reason of Fink's inability to establish his actual innocence of the underlying criminal charge. We therefore affirm.

¶ 4                                    BACKGROUND

¶ 5       On April 8, 2004, the State of Wisconsin charged Fink with attempted first degree intentional homicide (now Wis. Stat. §§ 939.32(1)(a), 940.01(1) (2012)) for shooting his girlfriend in the face. The prosecution claimed Fink aimed the gun at her face and pulled the trigger. The bullet grazed the woman's cheek and, the State asserted, would have entered her skull had she not propitiously turned her head. Fink contended he fired the gun by accident. The criminal trial took place in Wood County, Wisconsin, and Fink's father, a resident of Illinois, retained Illinois attorney Banks to represent Fink alongside local counsel. A jury found Fink guilty of attempted first degree intentional homicide. The trial court sentenced him to 10 years in prison and 6 years' extended supervision.

¶ 6       Fink hired new counsel to file a postconviction petition. Fink asserted ineffective assistance of counsel. On May 4, 2009, the trial court granted Fink's ineffective assistance of counsel claim, vacated the conviction for attempted first degree intentional homicide, and ordered a new trial. The trial court then heard arguments on the admissibility of Fink's statements and several items of evidence that were addressed in the postconviction motion. Certain statements and evidence that were admitted at the first trial were ordered suppressed.

¶ 7       On June 25, 2010, the State of Wisconsin filed a new criminal complaint against Fink alleging first degree recklessly endangering safety. The next month, the trial court conducted a bench trial and convicted Fink of second degree recklessly endangering safety. Fink received probation.

¶ 8       Fink appealed his conviction of second degree recklessly endangering safety on statute of limitations grounds. The Wisconsin Court of Appeals affirmed, finding that under Wisconsin law, "endangering safety is a lesser-included offense of attempted first-degree intentional homicide" and that the initiation of the first prosecution for attempted intentional homicide tolled the statute of limitations for the endangering safety charge. The Wisconsin Supreme Court denied Fink's petition for review.

¶ 9       On March 28, 2011, while his Wisconsin appeal was pending, Fink filed a two-count first amended complaint against Banks in the circuit court of Cook County alleging malpractice. In count I, Fink alleged Banks provided negligent representation during Fink's first Wisconsin trial. Specifically, Fink alleged Banks failed to adequately prepare for trial and to communicate with local counsel. Fink also alleged Banks improperly delegated examination of witnesses to local counsel, failed to retain an expert to rebut the State's expert, failed to review exhibits and evidence before trial or object to the introduction of certain evidence, and failed to properly cross-examine the State's expert witness. Fink alleged that due to Banks' negligent representation, he was wrongfully incarcerated for four years, endured extreme emotional distress, and expended large sums of money on legal fees. In count II, Fink alleged Banks breached his fiduciary duty by failing to refund $15,000 that Fink's father paid Banks to obtain an expert witness that was never retained.

¶ 10      Banks filed a motion to dismiss under section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2008)). Banks alleged count I should be dismissed because actual innocence is required in a criminal legal malpractice claim, and Fink's conviction for second degree recklessly endangering safety collaterally estops Fink from

establishing actual innocence. Banks also argued that count II was barred by the two-year statute of limitations and the six-year statute of repose.

¶ 11 Fink filed a motion for partial summary judgment under section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2008)), seeking application of Wisconsin law to his negligence claim. Fink argued that Wisconsin law only requires a criminal defendant who files a legal malpractice suit against his trial counsel to prove his actual innocence of the charges he was convicted on and does not require proof of defendant's innocence of all lesser included offenses. Fink asserted that Wisconsin law should govern because the injury occurred in Wisconsin, the conduct causing the injury occurred in Wisconsin, one of the parties was domiciled in Wisconsin at the time of the occurrence, and the relationship of the parties was centered in Wisconsin.

¶ 12 On July 13, 2012, the trial court entered an order granting Banks's motion to dismiss the amended complaint with prejudice and denying Fink's motion for partial summary judgment from which Fink now appeals.

¶ 13                                ANALYSIS

¶ 14 As a threshold matter, we note that although Fink's notice of appeal states that he is seeking reversal of the trial court's dismissal of his complaint, Fink's brief addresses solely the dismissal of count I, his negligence claim. Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008) provides, in part, that "[p]oints not argued [in an opening brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." By failing to present any argument regarding dismissal of his fiduciary duty claim, plaintiff waived that issue.

¶ 15 Further, although the notice of appeal seeks reversal of the trial court's denial of Fink's motion for partial summary judgment, his opening brief fails to separately argue why the trial court erred in denying his request to apply Wisconsin law rather than Illinois law. Again, Rule 341(h)(7) applies, and could not be more straightforward–failure to argue an issue in the opening brief waives that issue on appeal. This well-established principle of appellate review makes perfect sense. The rule is there to prevent the appellant from depriving the appellee of an opportunity to respond to appellant's argument in writing.

¶ 16 Fink contends he was neither required nor permitted to raise any arguments in his initial brief addressing the trial court's denial of his motion for partial summary judgment because the order was interlocutory and not appealable. Although a trial court's denial of a motion for summary judgment is not a final judgment (*Clark v. Children's Memorial Hospital*, 2011 IL 108656), a reviewing court may review all interlocutory orders that constitute a "procedural step in the progression leading to the entry of the final judgment from which an appeal has been taken" (*Knapp v. Bulun*, 392 Ill. App. 3d 1018, 1023 (2009) ("[a]n appeal from a final judgment draws into issue all previous interlocutory orders that produced the final judgment")). Here, the decision whether to apply Illinois or Wisconsin law was a necessary procedural step in the trial court's entry of the final order dismissing the complaint.

¶ 17 Also, there is a glaring flaw with Fink's explanation for failing to address the choice of law issue–it ignores the notice of appeal. Fink expressly sought in the notice of appeal to

"reverse Order Denying Summary Judgment." This preserved the choice of law ruling for our consideration. Nevertheless, Fink's opening brief forgoes argument on why the trial court erred in ruling as it did on the motion, thereby waiving the issue. Accordingly, we will address only whether the trial court erred in granting Banks' motion to dismiss Fink's negligence claim.

¶ 18    In granting a section 2-619 motion to dismiss, the court disposes of issues of law and easily proven issues of fact at the outset of litigation. *Glasgow v. Associated Banc-Corp.*, 2012 IL App (2d) 111303, ¶ 12. A section 2-619(a) motion admits the legal sufficiency of a complaint, but asserts affirmative matter outside the pleadings that defeats a cause of action. *Doe v. Gleicher*, 393 Ill. App. 3d 31, 34 (2009). For the purposes of a section 2-619 motion, the court takes as true all well-pleaded facts and associated inferences, and considers whether a genuine issue of fact precludes dismissal or whether a claim may be dismissed as a matter of law. *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 436 (2008) (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993)). This court reviews a ruling on a motion to dismiss *de novo. Gleicher*, 393 Ill. App. 3d at 34. Affirmance of a dismissal order may be justified in the law for any reason or ground appearing in the record. *BDO Seidman, LLP v. Harris*, 379 Ill. App. 3d 918, 923 (2008).

¶ 19    To successfully proceed with a legal malpractice claim, the plaintiff must establish: (1) the existence of an attorney-client relationship; (2) a duty arising from that relationship; (3) a breach of that duty by the defendant-attorney; (4) proximate cause; and (5) damages. *Paulsen v. Cochran*, 356 Ill. App. 3d 354, 358 (2005). In addition, a criminal defendant must establish his or her actual innocence before being able to recover for the criminal defense attorney's alleged malpractice. *Moore v. Owens*, 298 Ill. App. 3d 672, 675 (1998) ("because of the different burdens of proof in a civil trial and a criminal trial, we believe that the plaintiff must also prove independently in the civil trial that he was actually innocent and 'not just lucky.' [Citation.]").

¶ 20    Fink contends the trial court erred in dismissing his negligence claim because Fink can prove by a preponderance of the evidence that he is actually innocent of attempted first degree intentional homicide. Although Fink does not say so in this way, he appears to argue that the Wisconsin trial judge's order vacating his conviction for attempted first degree intentional homicide establishes his actual innocence of that crime. Fink also refutes Banks' assertion that he needs to prove his actual innocence for second degree recklessly endangering safety and suggests that the State of Wisconsin's decision to charge him with this lesser included offense reveals further evidence that he was innocent of the more serious charge of attempted first degree intentional homicide. We need not address this latter issue because we find that the Wisconsin court's decision to vacate Fink's original conviction alone does not constitute proof of actual innocence. Further, given Fink's conviction on the recklessly endangering safety charge, Fink cannot, as matter of law, establish the actual innocence element.

¶ 21    The actual innocence requirement for former criminal defendants who become malpractice plaintiffs has been applied in Illinois since at least 1998. *Paulsen*, 356 Ill. App. 3d at 359. The rationale for requiring proof of actual innocence is to eliminate the possibility that someone who has been found guilty of a crime would profit from his criminal activity.

*Kramer v. Dirksen*, 296 Ill. App. 3d 819, 822 (1998) (citing *Levine v. Kling*, 123 F.3d 580, 582 (7th Cir. 1997)). Actual innocence is "not within the rubric" of whether a defendant was found guilty beyond a reasonable doubt, but rather, the hallmark of actual innocence is "total vindication" or "exoneration." (Internal quotation marks omitted.) *People v. Collier*, 387 Ill. App. 3d 630, 636 (2008) (defining actual innocence in the context of a postconviction petition). Dismissal under section 2-619 of a complaint alleging legal malpractice stemming from a criminal conviction is warranted where the plaintiff cannot satisfy the actual innocence requirement. *Paulsen*, 356 Ill. App. 3d at 359.

¶ 22    In *Paulsen*, the plaintiff was charged with conspiracy to transport marijuana in Arizona and hired an Illinois law firm to represent him. *Paulsen*, 356 Ill. App. 3d at 356. The plaintiff was sentenced to a prison term under a plea agreement in which he acknowledged that (1) a prison sentence was a possibility, (2) he was pleading guilty voluntarily, and (3) he had discussed the agreement with his lawyer. The plaintiff then sued the lawyer, alleging (among other issues) that if the lawyer had done a proper job, the trial judge would have imposed a sentence of probation. The appellate court affirmed the dismissal of the plaintiff's complaint based on the actual innocence rule. We stated that "[a] plaintiff who wants to sue his former criminal defense counsel for malpractice must prove his innocence–a requirement he cannot meet unless his conviction has been overturned." *Id.* at 359 (citing *Kramer v. Dirksen*, 296 Ill. App. 3d at 822). An exception was recognized in *Moore v. Owens*, 298 Ill. App. 3d 672, 674 (1998), where the criminal defense attorney had intentionally worked, contrary to his client's interests, to secure the client's conviction, but that possibility aside, the court stated, "Illinois courts have reaffirmed their commitment to the general rule" requiring actual innocence. *Paulsen*, 356 Ill. App. 3d at 360.

¶ 23    More recently, in *Herrera-Corral v. Hyman*, 408 Ill. App. 3d 672 (2011), the appellate court found that a plaintiff's failure to establish actual innocence in an underlying drug charge was fatal to his legal malpractice claim. In *Herrera-Corral*, the plaintiff pleaded guilty in federal court to conspiring to possess cocaine with the intent to distribute, but his guilty plea reserved his right to appeal the denial of a motion to suppress. *Id.* at 673. The plaintiff did not appeal, but instead filed a *habeas corpus* petition alleging that he was denied effective assistance of counsel because his attorney failed to file an appeal and was unavailable to him during the time the plaintiff was permitted to file an appeal. *Id.* The federal district court denied the petition, but the Seventh Circuit remanded the case ordering the petition to be granted, noting that it ruled in another case involving one of the plaintiff's criminal codefendants that the suppression motion should have been granted, and as a result, the codefendant was released from custody. *Id.* The Seventh Circuit further noted that the failure by plaintiff's attorney to remain available to the plaintiff during the time he could file a notice of appeal constituted ineffective assistance of counsel, and therefore, the plaintiff was entitled to an appeal. *Id.* The case was remanded, and the district court dismissed the indictment against the plaintiff, vacated his sentence, and ordered him released from custody. *Id.* The plaintiff then brought a legal malpractice action in state court against his criminal defense attorney, which the trial court dismissed with prejudice. *Id.* at 673-74.

¶ 24    Our appellate court affirmed the trial court's dismissal because the plaintiff was unable to prove his actual innocence. *Id.* at 675. The court concluded that the federal district court's

dismissal of the indictment did not constitute a finding of the plaintiff's guilt or innocence of the charge in the case. *Id.* Rather, the federal court of appeals merely determined that, because the plaintiff was denied the effective assistance of counsel, he was entitled to an appeal on the suppression issue. Although on remand the trial court dismissed the indictment and vacated the plaintiff's sentence, the *Herrera-Corral* court asserted, "An acquittal because illegally seized evidence was used against a defendant is unrelated to innocence." *Id.*

¶ 25     Here, like the plaintiff in *Herrera-Corral*, Fink did not plead and could not prove that he was actually innocent of the charge for which he was originally convicted, and dismissal of the complaint was therefore proper. The record shows that in his postconviction petition, Fink argued his conviction should be reversed because he was denied effective assistance of counsel. He did not argue for reversal on the basis of actual innocence. The Wisconsin court's decision to vacate Fink's conviction did not constitute a finding of Fink's innocence of the charge in that case. The court merely decided that Fink was denied effective assistance of counsel, entitling him to a new trial. Indeed, this court has held that a defendant's acquittal on retrial alone will not suffice as proof of innocence. *Moore*, 298 Ill. App. 3d at 675. Thus, an order vacating a conviction on grounds unrelated to the merit of the charges will also not establish actual innocence.

¶ 26     We reject the notion that Wisconsin's decision to later charge Fink with the lesser included offense of first degree recklessly endangering safety, and the trial court's verdict finding him guilty of second degree recklessly endangering safety, constitute evidence of Fink's actual innocence of the original charge. Instead, Fink's conviction on the lesser included offense lends strong support for the trial court's decision to dismiss plaintiff's legal malpractice complaint. This court has held, in the postconviction petition context, that "actual innocence requires that a defendant be free of liability not only for the crime of conviction, but also of any related offenses." *People v. Barnslater*, 373 Ill. App. 3d 512, 521 (2007). Fink has made no argument either before the Wisconsin court of appeals or this court that he is innocent on the second degree recklessly endangering safety charge. Nothing short of actual innocence is acceptable, and this requires "total vindication or exoneration." *Collier*, 387 Ill. App. 3d at 636. Fink's failure to prove he is actually innocent of attempted first degree intentional homicide or any lesser included offenses dooms his legal malpractice claim.

¶ 27                                    CONCLUSION
¶ 28     We affirm the circuit court's dismissal of plaintiff's complaint with prejudice.

¶ 29     Affirmed.