2022 IL App (1st) 210932-U

SECOND DIVISION
March 22, 2022

No. 1-21-0932

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| IDA BREWER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CH 14298 |
| | ) | |
| ALLSTATE LIFE INSURANCE CO., | ) | Honorable |
| | ) | David B. Atkins, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

ORDER

¶ 1    *Held*:   The judgment of the circuit court of Cook County is affirmed in part and reversed in part; plaintiff's complaint failed to state a cause of action for declaratory judgment or under the Consumer Fraud and Deceptive Business Practices Act, therefore dismissal of those counts was appropriate; however, plaintiff should be allowed to attempt to amend her complaint, therefore dismissal with prejudice was erroneous.

¶ 2    On December 11, 2019, plaintiff, Ida Brewer, filed a two-count complaint against

defendant, Allstate Life Insurance Company (Allstate) seeking a declaratory judgement (count I)

and alleging a claim under the Consumer Fraud and Deceptive Business Practices Act (Fraud

Act). Defendant filed a motion to dismiss plaintiff's complaint for failure to state a cause of

action. The circuit court of Cook County granted defendant's motion to dismiss, with prejudice. For the following reasons, we affirm in part and reverse in part.

¶ 3                                    BACKGROUND

¶ 4       Plaintiff's complaint's general allegations allege, in pertinent part, that plaintiff purchased a life insurance policy from defendant and made all required premium payments but, on October 12, 2017, defendant informed plaintiff she was behind in her payments and that her policy was in a "grace period" per the terms of the insurance contract. Defendant informed plaintiff that plaintiff had to pay $418.42 by December 10, 2017, or the policy would terminate. On October 18, 2017, plaintiff sent defendant a check for $200.00. Defendant did not accept the partial payment and, by check dated October 25, 2017, refunded plaintiff her money. The complaint alleges that on October 30, 2017, plaintiff sent defendant a check for the full amount due to avoid termination of the policy. The complaint alleges upon information and belief that defendant received plaintiff's October 30, 2017 check but did not deposit it.

¶ 5       On December 12, 2017, defendant notified plaintiff that the grace period expired and her insurance policy had lapsed. Plaintiff contacted defendant and she alleges that defendant told plaintiff that defendant did not receive the October 30th check and that her only recourse was to apply for a reinstatement of the policy pursuant to a provision in the contract. Plaintiff alleges "this was a false and misleading statement" because plaintiff had tendered payment to avoid termination on time and defendant "could have and should have accepted her payment and should not have cancelled the policy." The complaint alleges that defendant denied her reinstatement application "based on health conditions, including conditions related to her old age." The complaint alleges that as a result of defendant's conduct plaintiff "has suffered fear,

anxiety, headaches, and sleepless nights related to the lost life insurance coverage and the decades of premiums that are now lost."

¶ 6       Count I of plaintiff's complaint for declaratory judgment alleges there is an actual controversy between the parties and seeks a declaration determining the rights of the parties under the policy and that defendant is bound to provide plaintiff coverage under the policy. Count II of plaintiff's complaint under the Fraud Act alleges it was deceptive for defendant to claim that plaintiff failed to meet her premium obligations, to provide payment instructions pursuant to the grace period provision in the insurance contract "when [defendant] did not intend to process [plaintiff's] payment even if received," and that it was deceptive for defendant to claim the policy terminated when defendant "could have and should have accepted [plaintiff's] timely payment of $418.42 to maintain the policy in good standing."

¶ 7       Count II of plaintiff's complaint further alleges that it was "unfair" to place the policy in a "grace period" when plaintiff timely made all the required payments, it was "unfair" to provide payment instructions pursuant to the grace period provision when defendant "did not intend to process [plaintiff's] payment, even if received," and it was "unfair" to deny plaintiff's reinstatement application based on health conditions resulting from plaintiff's age when defendant *caused* the policy to lapse. Count II also alleges defendant intended plaintiff to rely on its unfair acts and practices and, upon information and belief, defendant's conduct "is part of a pattern and practice of behavior in which [defendant] routinely engages to purge expensive policies held by elderly insureds by causing lapses through deceptive and misleading payment notices. Specifically, plaintiff alleges upon information and belief that defendant "attempted to 'purge' expensive life insurance policies with elderly insureds by either losing or refusing to

process premium payments made by mail on such policies." Plaintiff alleges she "suffered damages" as a result of defendant's conduct.

¶ 8    On March 27, 2020, defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)). Defendant's motion to dismiss claimed that plaintiff's complaint failed to state a claim under the Fraud Act because plaintiff did not sufficiently plead that defendant engaged in a deceptive act or unfair practice, allegations made "on information and belief" are insufficient to support a claim under the Fraud Act, and because plaintiff failed to allege actual economic damages. Defendant argued that plaintiff's allegations present a "garden variety" breach of contract claim that is not appropriate for resolution under the Fraud Act. Defendant's motion to dismiss also claimed that plaintiff's claim for declaratory relief should be dismissed because declaratory judgment allows a court to address a controversy before a claim for relief arises, the acts at issue in this case have concluded, and "the (contract) claim has already arisen;" therefore, plaintiff's claim for declaratory relief is untimely.

¶ 9    On August 18, 2020, plaintiff filed a response to defendant's motion to dismiss. Plaintiff argued the complaint contains specific, detailed allegations that properly state claims for unfair and deceptive conduct. Plaintiff argued that the complaint "pled the who, what, when, where, and to whom [of] the misleading notices, false claims of non-payment, and failure to process *** timely payment" which is sufficient to plead a cause of action under the Fraud Act. Furthermore, plaintiff's response argued her claim is not merely for breach of contract but instead plaintiff has alleged "an orchestrated pattern of lies and deception." Plaintiff argued that defendant "misled her with false statements in notices and caused her policy to lapse by losing or refusing to process her payment." Plaintiff also argued she pled actual damages in the form of her lost

premiums. Regarding her claim for a declaratory judgment, plaintiff argued she is not trying to remedy a past wrong but to remedy defendant's wrongful cancellation of her policy. Plaintiff argued that she alleges that defendant "did not properly cancel the insurance policy, and seeks a declaratory judgment stating as such," which she contends is a claim "courts of equity in Illinois routinely decide."

¶ 10 On September 9, 2020, defendant filed a reply to plaintiff's response. Defendant's reply argued plaintiff's allegations that defendant received the payment needed to avoid termination of the policy but did not deposit it, and that it did so because defendant attempts to purge expensive policies, are made only on information and belief, which is not enough to state a claim under the heightened pleading requirements of the Fraud Act. Defendant notes that the complaint must allege facts to support every element of a claim including the alleged wrongdoer's intent the plaintiff rely on defendant performing the acts at issue. Defendant also argued plaintiff "does not allege any facts in the Complaint regarding any alleged 'pattern' of conduct" to purge policies. Defendant argued plaintiff's claim is merely for breach of contract because the complaint alleges what defendant calls its "enforcing its rights under the Policy after [plaintiff] failed to make her monthly premium payment."

¶ 11 On July 28, 2021, the circuit court of Cook County issued a written order granting defendant's motion to dismiss plaintiff's complaint for declaratory relief and under the Fraud Act with prejudice.

¶ 12 This appeal followed.

¶ 13 ANALYSIS

¶ 14 This court reviews a trial court's judgment on a motion pursuant to section 2-615 *de novo*. *Faville v. Burns*, 2011 IL App (1st) 110335, ¶ 13. *De novo* review means that we perform

the same analysis the trial court would perform (*Barry v. City of Chicago*, 2021 IL App (1st) 200829, ¶ 17) with no deference shown to the trial court's judgment (*Cummings v. City of Waterloo*, 289 Ill. App. 3d 474, 479 (1997)). The purpose of a section 2-615 motion is to challenge the legal sufficiency of a complaint taking its well-pleaded allegations as true. *Kapotas v. Better Government Ass'n*, 2015 IL App (1st) 140534, ¶¶ 26, 33. "Although well-pleaded facts are taken as true for the purposes of a motion to dismiss, plaintiffs must allege facts supporting all of the elements of their claims; notice pleading, conclusions of law, and conclusions of fact are insufficient." *Schal Bovis, Inc. v. Casualty Insurance Co.*, 314 Ill. App. 3d 562, 574 (1999) (citing *Knox College v. Celotex Corp.,* 88 Ill. 2d 407 (1981)). This court's task is to determine whether the allegations of the complaint, when interpreted in a light most favorable to the plaintiff, sufficiently set forth a cause of action on which relief may be granted. (Internal quotation marks and citations omitted.) *Herrera-Corral v. Hyman*, 408 Ill. App. 3d 672, 674 (2011). "A dismissal should be granted only where the plaintiff can prove no set of facts to support the cause of action asserted. [Citation.]" (Internal quotation marks omitted.) *Id*.

¶ 15                                            DECLARATORY JUDGMENT

¶ 16     To state a cause of action for a declaratory judgment a plaintiff must plead facts to establish that the plaintiff has a tangible legal interest, the defendant has an opposing interest, and there is an actual controversy between them concerning such interests. See *Beahringer v. Page*, 204 Ill. 2d 363, 372 (2003).

> "The declaratory judgment procedure allows the court to take hold of a
> controversy one step sooner than normally—that is, after the dispute has arisen,
> but before steps are taken which give rise to claims for damages or other relief.
> *** The declaratory judgment procedure was designed to settle and fix rights

before there has been an irrevocable change in the position of the parties that will jeopardize their respective claims of right. The remedy is used to afford security and relief against uncertainty so as to avoid potential litigation." (Internal quotation marks and citations omitted.) *Beahringer*, 204 Ill. 2d at 372-73.

¶ 17 A claim for declaratory judgment is not the proper vehicle for presenting breach of contract allegations. *Karimi v. 401 North Wabash Venture, LLC*, 2011 IL App (1st) 102670, ¶ 10. "Although a declaratory judgment action is proper to determine the parties' existing rights, a court may dismiss such an action if 'a party, seeks to enforce his rights after the fact.' [Citation.]" *Id*. In *Karimi*, the plaintiffs sought a declaration their contract to purchase a condominium was still in effect when the defendants sold the condominium to someone else. *Id*. ¶ 1. The plaintiffs failed to complete the sale by the time specified in the contract and the defendants notified the plaintiffs that they were terminating the contract. See *id*. ¶ 6. The plaintiffs' complaint alleged, *inter alia*, a claim for a declaration that the contract was still in effect and a claim under the Fraud Act. *Id*. ¶ 7. This court found that the plaintiffs were presenting breach of contract allegations. *Id*. ¶ 10. This court found that the defendants had already terminated the contract and sold the condominium to someone else, therefore the plaintiffs were seeking to enforce their rights after the fact and "these allegations are properly breach of contract allegations." *Id*. This court held that the "dismissal of the declaratory judgment counts was proper on that basis." *Id*.

¶ 18 Similarly, in this case defendant has already terminated plaintiff's insurance contract. Plaintiff is seeking to enforce her rights under the insurance contract "after the fact." We find plaintiff's allegations are "properly breach of contract allegations" and dismissal is proper. *Id*.

See also *Eyman v. McDonough District Hospital*, 245 Ill. App. 3d 394, 397 (1993) ("a breach of contract claim is an action at law and is not a proper subject for a declaratory judgment").

¶ 19    Plaintiff's argument that it is a "mischaracterization" to state that her claims are for breach of contract rather than declaratory judgment because plaintiff is not claiming defendant breached the contract but rather is claiming that defendant "declared the policy to be terminated, when it was not actually terminated," is a subjective connotation that is unsupported by any authority. "[T]o properly plead a breach of contract, a plaintiff must allege the following elements: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff. [Citation.] Additionally, in alleging a breach of contract, a plaintiff's pleadings must allege facts sufficient to indicate the terms of the contract claimed to have been breached." *Elson v. State Farm Fire & Casualty Co.*, 295 Ill. App. 3d 1, 6 (1998). Plaintiff claims she had a valid contract with defendant, that she performed pursuant to the grace period provision by paying the full overdue amount, that defendant breached the contract by not accepting her payment and terminating her coverage, and that she was injured as a result. Count I of plaintiff's complaint for a "declaratory judgment" pleads each of the foregoing elements as the basis for relief. Plaintiff's claim is for breach of contract.

¶ 20    More importantly, all of this conduct has already occurred. Plaintiff's complaint is not meant to inform the parties of "the consequences of their action *before* acting." (Emphasis added.) See *Eyman*, 245 Ill. App. 3d at 396 ("The declaratory judgment procedure allows parties to a dispute to learn the consequences of their action before acting."). The trial court properly dismissed count I of plaintiff's complaint for failure to state a claim for declaratory relief.

¶ 21                              FRAUD ACT

¶ 22 To state a cause of action under the Fraud Act a plaintiff must allege facts establishing a deceptive act or an unfair practice, the defendant's intent that the plaintiff rely on the deception, and that the deception occurred in trade or commerce. *Tudor v. Jewel Food Stores, Inc.*, 288 Ill. App. 3d 209 (1997). The Fraud Act defines unfair or deceptive acts or practices to include "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact." 815 ILCS 505/2 (West 2020); *Ambrosius v. Chicago Athletic Clubs, LLC*, 2021 IL App (1st) 200893, ¶ 23. "In analyzing an allegedly deceptive act or practice, the court's 'analysis must consider whether the act was deceptive as reasonably understood in light of *all the information* available to plaintiffs.' (Emphasis in original.) [Citation.]" *Id*.

¶ 23 A claim under the Fraud Act must plead the "deceptive" manner of the defendant's acts or practices with the same particularity and specificity as that required under common law fraud. *Ambrosius*, 2021 IL App (1st) 200893, ¶ 22; *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 419 (2002).

> "The elements [of a cause of action for common law fraud] include: (1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury. [Citation.]" *Elson*, 295 Ill. App. 3d at 13.

However, "[t]he [Fraud]Act was designed to provide broader protection for consumers than the common law action of fraud and thus a plaintiff is not required to prove every element of common law fraud in order to recover." *Elson*, 295 Ill. App. 3d at 14. "Conduct is deceptive if it creates a likelihood of deception or has the capacity to deceive a reasonable consumer." (Internal quotation marks omitted.) *Mashallah, Inc. v. West Bend Mutual Insurance Co.*, 20 F.4th 311, 322 (7th Cir. 2021). To be "unfair" under the Act, defendant's conduct must violate public policy, be so oppressive that the consumer has little alternative but to submit, and substantially injure the consumer. *Tudor*, 288 Ill. App. 3d at 210. If the plaintiff fails to allege sufficient facts with particularity the complaint must be dismissed. See *Robinson*, 201 Ill. 2d at 419.

¶ 24    In this case, plaintiff has failed to plead sufficient facts to state a cause of action under the Fraud Act. On appeal plaintiff argues that the complaint alleges a deceptive act in that defendant claims not to have received her check paying the overdue amount even though defendant received it and in failing to deposit plaintiff's check, despite receiving the check on time pursuant to the grace period provision of the insurance contract. Plaintiff relies particularly on defendant's statement to her that it did not receive her payment as a "material misrepresentation of fact" and purposeful attempt to "gaslight" her.[1] However, "[m]erely characterizing the action as unlawful or wrongful is insufficient to allege a violation of the [Fraud] Act." *Elson*, 295 Ill. App. 3d at 14. "A misrepresentation may have been made 'innocently' in that there is no intent to deceive. In claiming a violation of the [Fraud] Act, the perpetrator must have knowledge of

---

[1]    Merriam-Webster defines "gaslighting" as "psychological manipulation of a person usually over an extended period of time that causes the victim to question the validity of their own thoughts, perception of reality, or memories and typically leads to confusion, loss of confidence and self-esteem, uncertainty of one's emotional or mental stability, and a dependency on the perpetrator." https://www.merriam-webster.com/dictionary/gaslighting (visited February 10, 2022).

the misrepresentation or omission and the misrepresentation or omission must be deceptive or unfair." *Elson*, 295 Ill. App. 3d at 14.

¶ 25    Plaintiff did not allege any facts to demonstrate that defendant's representation that it did not receive plaintiff's full payment of the overdue amount was not the result of mistake or oversight. Plaintiff's conclusory allegation that defendant engages in such conduct to purge its rolls of "expensive" life insurance policies is insufficient under the Fraud Act's pleading requirements. See *Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 275 Ill. App. 3d 452, 460 (1995) ("This conclusory allegation is insufficient to transform what is otherwise a garden-variety breach of contract claim into a cause of action under the Act. To hold otherwise would permit plaintiffs to supplement or replace every breach of contract claim with an additional and redundant remedy under the Act, a result unintended by the legislature."); *People ex rel. Hartigan v. E & E Hauling, Inc.*, 218 Ill. App. 3d 28, 40 (1991) ("Fraud is not presumed; a complaint must clearly and explicitly set forth sufficient facts to support a conclusion of fraud."). We have no doubt defendant may have had a contractual obligation to accept plaintiff's payment if it received it; however, we also have no doubt that if it failed in that obligation, their conduct would amount to no more than "a garden-variety breach of contract." See *Lake County Grading Co. of Libertyville, Inc.*, 275 Ill. App. 3d at 459 (discussing intent of Fraud Act).

¶ 26    Furthermore, although plaintiff is not required to prove every element of a common law fraud claim, we note there are no allegations plaintiff relied on the statement, that the statement was made for the purpose of inducing plaintiff to act, or that plaintiff's reliance on the statement led to her injury. See *Elson*, 295 Ill. App. 3d at 13. A "false" statement a payment was not received would not deceive a reasonable consumer, who would know they sent the payment. See

*Mashallah, Inc.*, 20 F.4th at 322. Nor would a false statement that a payment was not made induce the plaintiff to act to their detriment; the opposite would be true. The statement, even if false, would induce the plaintiff to act which, in this case, resulted in plaintiff's attempt to reinstate the policy. The fact she could not do so due to her age is inapposite to the question of whether defendant's conduct was deceptive. The trial court properly dismissed count II of plaintiff's complaint for failure to state a claim under the Fraud Act.

¶ 27                    DISMISSAL WITIH PREJUDICE

¶ 28    Finally, plaintiff argues the trial court erroneously dismissed her complaint with prejudice and she should, at minimum, be permitted to attempt to amend her complaint to plead a cause of action for breach of contract. "[I]t is well established that a cause of action should not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleadings which would entitle plaintiffs to relief." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). We agree with plaintiff that she may be able to prove facts which would entitle her to relief for breach of contract.

¶ 29    Defendant argues plaintiff forfeit her argument the trial court erred in dismissing the complaint with prejudice by failing to seek leave to file an amended complaint or placing a proposed amended complaint in the record. This court has held that "[b]y failing to include a proposed amended complaint in the record on appeal, [a party] waive[s] the issue of whether the trial court abused its discretion by denying *** leave to amend." *Morris v. Ameritech Illinois*, 337 Ill. App. 3d 40, 51 (2003) (citing *Kirk v. Michael Reese Hospital & Medical Center,* 117 Ill. 2d 507, 521 (1987)).

¶ 30    However, "waiver and forfeiture rules serve as an admonition to litigants rather than a limitation upon the jurisdiction of the reviewing court, and courts of review may sometimes

override considerations of waiver and forfeiture in order to achieve a just result and maintain a sound and uniform body of precedent." *Pinske v. Allstate Property & Casualty Insurance Co.*, 2015 IL App (1st) 150537, ¶ 19.

¶ 31    In this case the trial court, in its written order, ruled that plaintiff could not plead a viable fraud and declaratory judgment claim but implied plaintiff could plead a breach of contract case. The trial court held: "It is axiomatic that not every breach of contract claim can also justify a claim seeking a 'declaration' that the contract was breached, and this is plainly such a straightforward case that should be brought (if at all) for breach of contract."

¶ 32    However, the effect of the trial court's order dismissing the declaratory judgment claim was to foreclose the possibility of amending the complaint to bring a contract claim. Our supreme court has held that a trial court should dismiss a complaint with prejudice under section 2-615 only if it is clearly apparent that the plaintiff can prove no set of facts that would entitle her to recover. The court has held this rule applies whether or not the plaintiff has requested leave to amend.

> "We adhere to the view that the trial court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover. See *Burdinie*, 139 Ill. 2d at 504; *Meerbrey*, 139 Ill. 2d at 473. While we agree with the appellate court in the case *sub judice* that this oft-cited rule refers to dismissals with prejudice, we disagree that the rule applies only where a plaintiff has requested leave to amend. A motion to dismiss does not lie as long as a good cause of action is stated even if that cause of action is not the one intended to be asserted by the plaintiff."

(Internal quotation marks omitted.) *Illinois Graphics v Nickum*, 159 Ill. 2d 469, 488 (1994).

¶ 33　In this case plaintiff requested declaratory relief which the trial court rejected. However, we find plaintiff has alleged in the complaint sufficient facts to establish a breach of contract case, although plaintiff asked for different relief. Further, this court has the power to "enter any judgment and make any order that ought to have been given or made." Ill. S. Ct. R. 366(a) (eff. Feb. 1, 1994). In the interest of achieving a just result, we believe plaintiff should have the opportunity to amend her complaint. Therefore, the portion of the trial court's judgment dismissing plaintiff's complaint with prejudice is reversed.

¶ 34　　　　　　　　　　　　　　　CONCLUSION

¶ 35　For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part, reversed in part, and remanded for further proceedings.

¶ 36　Affirmed in part, reversed in part, and remanded.