NOTICE

Decision filed 10/12/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 180369-U

NO. 5-18-0369

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| CORDELL L. GINES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 17-L-34 |
| | ) | |
| ELLEN CURRY, | ) | Honorable |
| | ) | Eric J. Dirnbeck, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Presiding Justice Boie and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court correctly dismissed the plaintiff's complaint for legal malpractice where the plaintiff failed to plead actual innocence and an exception to the actual innocence requirement did not apply because the plaintiff only pled conclusory allegations, and therefore failed to state a claim upon which relief could be granted. Furthermore, the record refuted the plaintiff's legal malpractice allegations.

¶ 2   The plaintiff, Cordell L. Gines, appeals from the order of the Jefferson County circuit court dismissing his *pro se* complaint for legal malpractice against the defendant, Ellen Curry, the Deputy Defender for the Office of the State Appellate Defender (OSAD) in the Fifth Judicial District. For the reasons that follow, we affirm the circuit court's dismissal of Gines's complaint.

1

¶ 3                                    BACKGROUND

¶ 4     Following a 1997 jury trial in Jackson County, Illinois, Gines was convicted of five counts of aggravated criminal sexual assault, one count of armed robbery, and one count of aggravated battery and sentenced to the Illinois Department of Corrections. His convictions and sentence were affirmed on appeal. *People v. Gines*, No. 5-97-0154 (Jan. 12, 1998) (unpublished order under Illinois Supreme Court Rule 23), *appeal denied*, 178 Ill. 2d 586 (1998). Since then, Gines has challenged his convictions and sentence through numerous postconviction petitions and appeals. For brevity, we recite only those facts necessary to the disposition of this appeal.

¶ 5     Gines's action for legal malpractice against Curry arose from Curry's representation of Gines in his appeal of the Jackson County circuit court's denial of Gines's motion for leave to file a successive postconviction petition (postconviction appeal). On October 7, 2015, OSAD was appointed to represent Gines. The record reveals that Gines was represented by at least two different attorneys who worked for OSAD—Curry and Ian Barnes, an assistant appellate defender.

¶ 6     On May 8, 2017, Gines filed a *pro se* complaint for legal malpractice against Curry in the Jefferson County circuit court seeking an award of $2 million. In his complaint, Gines alleged that Curry breached her fiduciary duty in that Curry accepted the responsibility to represent Gines in his postconviction appeal, but abandoned it. Gines claimed that he informed Curry that he wished to have a brief filed but never received a reply from Curry. Gines further claimed that he had a meritorious issue that was supported by case law. Gines asserted that even if Curry determined his postconviction appeal had no

2

merit, he was "entitled by law" to have Curry file a brief pursuant to "*Anders*,"[1] but instead Curry abandoned Gines and had his "case file closed." Finally, Gines asserted that Curry's alleged breach of fiduciary duty caused him an "[i]ntentional [i]nfliction of emotional distress." In support of his allegations, Gines attached a one-page excerpt of a "Motion for Extension of Time to File Brief" that was purportedly drafted by Curry in Gines's postconviction appeal.

¶ 7    At the time Gines filed his complaint, his postconviction appeal was still pending in the appellate court. In a letter dated September 14, 2017,[2] Barnes informed Gines that Barnes had reviewed the record and concluded that Gines had no meritorious issues to pursue on appeal. Barnes explained that Gines could not establish the required cause and prejudice to file a successive postconviction petition and that Gines's issue was barred by the doctrine of *res judicata*. Barnes advised Gines that he would seek leave of the appellate court to withdraw as Gines's attorney. Barnes further advised Gines that if the appellate court granted Barnes's motion to withdraw, Gines would be allowed to represent himself.

¶ 8    On September 29, 2017, Barnes filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 (1987). Barnes's motion to withdraw provided that:

> "After an examination of the record on appeal, and after discussing the case
>
> with another attorney in the office who also read the record on appeal,

---

[1]Gines appears to be referencing the United States Supreme Court case *Anders v. California*, 386 U.S. 738 (1967).

[2]According to a motion filed by Curry in the Jefferson County circuit court, Curry was not served in Gines's legal malpractice suit until September 25, 2017.

counsel has concluded that an appeal in this cause would be without arguable merit."

¶ 9 In a supporting memorandum, Barnes claimed that Gines had failed to establish cause and prejudice to file a successive postconviction petition. Barnes asserted that Gines could not establish cause for failure to raise his claim in a prior proceeding and noted that Gines had twice raised the same issue in two prior postconviction petitions, once in 2003 and again in 2014. Barnes further asserted that Gines had not alleged prejudice "to the extent that the subject of his claim so infected his trial as to deprive him of due process."

¶ 10 On November 1, 2017, in response to Gines's legal malpractice complaint, Curry filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619.1 (West 2016)) and a memorandum of law in support of the motion. Curry contended that dismissal was proper under section 2-615 of the Civil Code (735 ILCS 5/2-615 (West 2016)) because Gines failed to state a claim upon which relief could be granted. Curry argued that Gines failed to allege that an attorney-client relationship existed between Curry and Gines. Curry further argued that she had not agreed to file an appellate brief on behalf of Gines. Curry noted that OSAD had filed a motion to withdraw pursuant to *Finley*, notifying the appellate court that Gines's appeal presented no potentially meritorious issues for review. Finally, Curry argued that Gines had not pled any facts showing that he was innocent of his underlying criminal offenses.

¶ 11 In the alternative, Curry contended that dismissal was proper under section 2-619 of the Civil Code (735 ILCS 5/2-619 (West 2016)) on collateral estoppel grounds because Gines's issue on appeal had been litigated in two prior postconviction petitions. Curry also

4

contended that Gines was estopped from making a legal malpractice claim because his convictions had not been reversed or vacated. Finally, Curry contended that Gines's legal malpractice cause of action was not ripe because his underlying criminal convictions had not been vacated. In support of her motion to dismiss, Curry attached, *inter alia*, the motion to withdraw pursuant to *Finley* and the memorandum of law filed by Barnes in the postconviction appeal.

¶ 12    In response to Curry's motion to dismiss, Gines asserted that an attorney-client relationship existed between he and Curry and that Curry's "intentional delay" proximately caused Gines's injury. Gines argued that he was not required to plead his actual innocence in his legal malpractice claim because Curry willfully and intentionally breached her fiduciary duty to Gines. He claimed that Curry knew Gines's case was "aged" and "intentionally delayed her duties causing witness [*sic*] to be lost and more time to lapse." Gines also contended that collateral estoppel did not apply because his claim had never been litigated in a civil suit, and Curry had never been a party to any prior action involving Gines's claim. Finally, Gines contended that his case was ripe because he had filed it within two years of discovering that Curry had caused him injury. In support of his response to Curry's motion to dismiss, Gines attached, *inter alia*, the "Motion to Replace Record on Appeal" filed by Curry and the September 14, 2017, letter Barnes sent Gines regarding OSAD's motion to withdraw.

¶ 13    On July 10, 2018, the circuit court heard arguments on Curry's motion to dismiss and took the matter under advisement.[3] In a docket entry that same day, the circuit court granted Curry's motion to dismiss "for all of the reasons set forth in Defendant's motion." This appeal followed.

¶ 14                                    ANALYSIS

¶ 15    In the proceedings below, Curry moved to dismiss Gines's complaint under section 2-619.1 of the Civil Code, which permits a party to move for dismissal under both section 2-615 and 2-619. 735 ILCS 5/2-619.1 (West 2016). A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint. *Bjork v. O'Meara*, 2013 IL 114044, ¶ 21. A motion to dismiss brought under section 2-619 admits the sufficiency of the complaint, but asserts some affirmative matter that defeats the claim. *Bjork*, 2013 IL 114044, ¶ 21. When ruling on a motion pursuant to section 2-615 or section 2-619, a court must accept as true all well-pleaded facts, as well as any reasonable inferences that may arise from them. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. Mere conclusions unsupported by specific facts, however, cannot be accepted as true. *Patrick Engineering*, 2012 IL 113148, ¶ 31. We review a dismissal under section 2-615 or 2-619 *de novo*. *Bjork*, 2013 IL 114044, ¶ 21. Accordingly, we may affirm the judgment of the circuit court on any grounds found in the record, regardless of the circuit court's reasons. *Prospect Funding Holdings, LLC v. Saulter*, 2018 IL App (1st) 171277, ¶ 23.

---

[3]The record does not contain a report of proceedings or a bystander's report for the court proceedings on this date.

6

¶ 16    To successfully advance a claim of legal malpractice, the plaintiff must establish: (1) the existence of an attorney-client relationship, (2) a duty arising from that relationship, (3) that the defendant-attorney breached that duty, (4) proximate cause, and (5) damages. *Paulsen v. Cochran*, 356 Ill. App. 3d 354, 358 (2005). Where a legal malpractice claim arises from representation in a criminal case, the plaintiff must prove the additional element of his or her actual innocence of the criminal charge. *Moore v. Owens*, 298 Ill. App. 3d 672, 674 (1998). The actual innocence requirement cannot be met unless the underlying conviction has been overturned. *Paulsen*, 356 Ill. App. 3d at 359.

¶ 17    Here, Gines did not plead his actual innocence, nor could he. Indeed, it was undisputed that his convictions were affirmed on appeal. Gines contends, however, that he was not required to plead his actual innocence because Curry willfully and intentionally breached her fiduciary duty to Gines. He cites to a prior decision of this court, *Morris v. Margulis*, 307 Ill. App. 3d 1024 (1999), *rev'd on other grounds*, 197 Ill. 2d 28 (2001). In *Morris*, this court noted that it was "not confronted with a traditional malpractice claim." *Morris*, 307 Ill. App. 3d at 1039. There, the attorneys drafted cross-examination questions that were provided to the prosecution and were "unquestionably intended to undermine [the client]'s anticipated testimony." *Morris*, 307 Ill. App. 3d at 1038. This court concluded that it would be unconscionable to apply the actual innocence rule where a criminal defense attorney intentionally worked to ensure their client's conviction. *Morris*, 307 Ill. App. 3d at 1039. Accordingly, it was held that the actual innocence requirement would not be applied to situations where an attorney willfully or intentionally breached the fiduciary duty owed to the attorney's criminal defense client. *Morris*, 307 Ill. App. 3d at 1039.

7

¶ 18   Here, Gines has not plead any facts showing that Curry willfully or intentionally breached any duty she owed to Gines. Rather, Gines only asserted in his complaint that Curry abandoned Gines's appeal. The first time Gines alleged that Curry willfully or intentionally breached her fiduciary duty was in Gines's response to Curry's motion to dismiss. There, Gines argued that Curry knew his case was "aged" and "intentionally delayed her duties causing witness [*sic*] to be lost and more time to lapse." The conclusory allegations contained in Gines's complaint and his response, however, are insufficient to survive a section 2-615 motion to dismiss. See *Tedrick v. Community Resource Center, Inc.*, 235 Ill. 2d 155, 161 (2009) (to survive a motion to dismiss pursuant to section 2-615, the plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action).

¶ 19   Moreover, the record belies any contention that Curry abandoned Gines's postconviction appeal or willfully and intentionally worked to ensure that his postconviction appeal was lost. Indeed, the record shows that although Curry was at least involved in Gines's postconviction appeal initially, Barnes, another attorney with OSAD, assumed responsibility of Gines's postconviction appeal. Barnes sent Gines a letter informing him that Barnes had reviewed the record and concluded that Gines had no meritorious issues to raise on appeal. Barnes further informed Gines that Barnes would seek leave to withdraw as counsel, and that if the appellate court granted Barnes's motion to withdraw, Gines could represent himself in his postconviction appeal. Thus, Gines's claim for legal malpractice was negated by some affirmative matter.

8

¶ 20    In sum, we find that the circuit court did not err in dismissing Gines's complaint pursuant to either section 2-615 or 2-619 of the Civil Code (735 ILCS 5/2-615, 2-619 (West 2016)). For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 21    Affirmed.