

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00600-CV

Patricia **SKELTON**,
Appellant

v.

Guy James **GRAY**,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 16416A
Honorable Albert D. Pattillo, III, Judge Presiding

Opinion by: H. Todd McCray, Justice

Sitting: Irene Rios, Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: August 13, 2025

REVERSED AND REMANDED

Gray represented Skelton in a criminal forgery trial that resulted in Skelton's conviction. Skelton sued Gray for malpractice. As a predicate to her claims for legal malpractice, Skelton is required to prove she is innocent of the forgery charge. In the underlying proceeding, Gray and Skelton filed competing motions for summary judgment. Gray filed a no-evidence summary judgment motion asserting Skelton has no evidence of her innocence. Skelton filed a response to Gray's motion along with a traditional motion for summary judgment asserting the evidence

conclusively establishes her innocence. Skelton's response and motion rely on the same evidence. The trial court sustained Gray's objections to Skelton's evidence, granted Gray's no-evidence motion for summary judgment, and denied Skelton's motion for summary judgment. Skelton appeals the trial court's evidentiary and summary judgment rulings. Because we find that the trial court improperly excluded evidence that raises a genuine issue of material fact about Skelton's innocence, we reverse and remand.

## BACKGROUND

The operative facts of this case date back to 2004, when Patricia Skelton, an attorney, hired criminal defense attorney, Guy James Gray, to represent her after she was indicted for forging a copy of a deceased client's will. At trial, it was uncontested that Skelton cut and pasted the signatures of her client and two witnesses onto an unsigned copy of the client's last will and testament after discovering that the executed original was illegible. She then filed the altered document with the court in a probate proceeding. The primary issue of contention during the trial was whether Skelton acted with the intent to harm or defraud as set forth in TEX. PENAL CODE ANN. § 32.21(b). A jury convicted Skelton of criminal forgery, and she was sentenced to a suspended one year in prison and two years of community supervision. Skelton appealed, and this court affirmed the conviction.[1]

Meanwhile, family members of Skelton's deceased client contested the purported will in probate court. In that case, a jury found that the will at issue was valid, that Skelton did not forge the will, and that the probated will was an accurate copy of the deceased client's original will. Following the findings in the will contest, Skelton applied for a writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure, claiming actual innocence, prosecutorial

---

[1] *Skelton v. State*, No. 04-08-00720-CR, 2010 WL 2298859 (Tex. App.—San Antonio June 9, 2010, pet. ref'd).

misconduct and ineffective assistance of counsel. After the trial court dismissed Skelton's petition, we granted the writ and vacated the conviction, finding that Skelton's ineffective assistance claim was meritorious.[2] In the wake of the vacatur, the state declined to proceed further with the prosecution and dismissed the charges.

Skelton then sued Gray for legal malpractice and breach of fiduciary duty in reference to his handling of the original forgery trial. The trial court granted Gray's motion to dismiss, concluding, in part, that her malpractice claim failed for lack of exoneration. *See Peeler v. Hughes & Luce*, 909 S.W.3d 494, 498 (Tex. 1995) (holding convicts may not sue their criminal defense attorneys for malpractice unless "they have been exonerated on direct appeal, through post-conviction relief, or otherwise."). Skelton appealed, and we reversed and remanded the legal malpractice claim, finding that *Peeler* did not apply because Skelton's conviction had been vacated in her habeas proceeding.[3] Gray appealed to the Texas Supreme Court, which held that the vacatur of Skelton's conviction on habeas review was not equivalent to exoneration as a prerequisite to recovery on her legal malpractice claim under the *Peeler* doctrine. *Gray v. Skelton*, 595 S.W.3d 633, 638 (Tex. 2020). The Court expounded on the meaning of "exonerated" under *Peeler*, finding that a former convict is exonerated under *Peeler*, and thus may recover against a criminal defense attorney for malpractice, when the underlying conviction is vacated, *and* the former convict has obtained a finding of innocence. *Id*. at 639 (emphasis added). A finding of innocence may be established (1) in the underlying criminal proceeding when the conviction is vacated on an actual innocence finding, or if the conviction is vacated on other grounds, (2) in the actual malpractice suit against the criminal defense attorney. *Id*. In either event, a former convict must "obtain a finding of their innocence as a predicate to the submission of their legal malpractice claim." *Id*.

---

[2] *Ex parte Skelton*, 438 S.W.3d 709 (Tex. App.—San Antonio 2014, orig. proceeding).
[3] *Skelton v. Gray*, 547 S.W.3d 272 (Tex. App.—San Antonio 2018), *aff'd*, 595 S.W.3d 633 (Tex. 2020).

The supreme court reversed the trial court's dismissal of Skelton's malpractice claim and remanded the case for trial, noting that Skelton was now required to obtain a finding of her innocence as part of her malpractice suit.[4] [5] *Id*. at 641.

On remand, in an effort to follow the supreme court's holding, the trial court bifurcated the case into two separate trials, one on the issue of Skelton's actual innocence of the forgery charges and another regarding her claims of legal malpractice against Gray. Gray moved for summary judgment under Texas Rule of Civil Procedure 166a(i) on the threshold issue of actual innocence. Skelton filed a cross-motion for summary judgment under Texas Rule of Civil Procedure 166a(c), arguing that the evidence attached to her motion conclusively proves she is innocent of forgery. Gray objected to six of Skelton's exhibits on the grounds that she did not produce them during discovery, they contain inadmissible hearsay, and they are irrelevant. The trial court sustained Gray's evidentiary objections, denied Skelton's motion for summary judgment, granted Gray's motion and entered judgment in favor of Gray. This appeal ensues.

## EVIDENTIARY ISSUES

Skelton contends the trial court abused its discretion by sustaining Gray's objections to her summary judgment evidence. Because this issue will affect our analysis of the summary judgment record, we address it first. *See Tex. Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 310 (Tex. App.—El Paso 2010, pet. denied). Summary judgment evidence must be admissible under the rules of evidence. *TPS Freight Distributors, Inc. v. Tex. Com. Bank-Dallas*, 788 S.W.2d 456, 460 (Tex. App.—Fort Worth 1990, writ denied); *See* TEX. R. CIV. P. 166a(f). We review a

---

[4] The supreme court issued its mandate in 2020, during the COVID-19 related shutdowns. On remand, after a year with no activity on the case, the trial court dismissed the case for want of prosecution. Skelton again appealed to this court. We reversed the trial court's dismissal and remanded the case for trial, finding that Skelton had done her best, under the circumstances, to litigate her case. *See Skelton v. Gray*, No. 04-22-00007-CV, 2022 WL 16625851 (Tex. App.—San Antonio Nov. 2, 2022, pet. denied).

[5] Between the supreme court's reversal and the present malpractice case, Skelton passed away. Her son, as heir and administrator of her estate, now pursues this case on her behalf. *See* TEX. R. CIV. P. 151.

trial court's decision to admit or exclude summary judgment evidence for an abuse of discretion. *Doncaster v. Hernaiz*, 161 S.W.3d 594, 601 (Tex. 2005); *Schumacher v. Trois*, 705 S.W.3d 854, 868 (Tex. App.—San Antonio 2024, pet. filed); *E-Learning LLC v. AT&T Corp.*, 517 S.W.3d 849, 854 (Tex. App.—San Antonio 2017, no pet.). A trial court does not abuse its discretion in admitting or excluding summary judgment evidence unless it is arbitrary, unreasonable or without reference to any guiding rules and principles. *See id.* We must uphold the trial court's evidentiary ruling if we find any legitimate basis for it, and we may not reverse a judgment based on an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See id.*

Although Gray lodged numerous objections to Skelton's summary judgment evidence, the trial court did not specify the ground on which it excluded the evidence. We must, therefore, affirm the trial court's ruling if any ground for objection is meritorious. *See K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000). The evidence at issue includes: (1) the jury charge and verdict from the will contest proceeding ancillary to this case (Probate Verdict); (2) transcript excerpts from Skelton's original criminal trial (Criminal Transcript); (3) transcript excerpts from her habeas corpus hearing (Habeas Transcript); (4) transcript excerpts from the will contest trial (Probate Transcript); (5) this court's opinion in Skelton's habeas corpus proceeding; and (6) the Texas Supreme Court's opinion determining that the *Peeler* doctrine required Skelton to prove her innocence as a predicate to her legal malpractice suit.

We begin by noting that during the summary judgment hearing, Skelton's counsel stated that he was not offering this court's opinion in *Ex parte Skelton* or the supreme court's opinion in *Gray v. Skelton* as evidence. Specifically, counsel stated:

> Exhibits 4 and 5, these are the opinions. Those aren't being offered for purposes of evidence with respect to this motion for summary judgment. So I just want to make it clear, I'm not offering Exhibits 4 and 5, the Court of Appeals opinion and the

Texas Supreme Court opinion as evidence, I'm only offering them for context and for the applicable legal holdings in this case.

While this court has recently held that an objection is not required to preserve error as to the exclusion of evidence in a summary judgment proceeding, we have not extended such leeway in the case of an express waiver. *See Schumacher*, 705 S.W.3d at 865 (implying concerns favoring need for objection to exclusion of evidence would not apply in summary judgment cases *absent express waiver* (emphasis added)). Skelton may not now claim that the trial court erred in excluding evidence where she abandoned her effort to have the evidence considered and, in fact, acknowledged that the items at issue are not evidence. *See* TEX. R. APP. P. 33.1. Accordingly, we will not consider Skelton's arguments on appeal as they relate to the appellate court opinions.

## A.      Texas Rule of Civil Procedure 196.3 Objection

Gray objected to all Skelton's evidence on the ground that it was not produced during discovery. According to Rule 193.6, discovery that is not timely disclosed is inadmissible as evidence. TEX. R. CIV. P. 193.6(a). The evidentiary exclusion under Rule 193.6 applies in summary judgment proceedings just as it does during trial. *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009). A party who fails to timely produce evidence has the burden of showing "(1) good cause for failing to timely identify the [evidence] or (2) a lack of unfair surprise or unfair prejudice." *Jackson v. Takara*, 675 S.W.3d 1, 6 (Tex. 2023); *see Gillenwater*, 285 S.W.3d at 881; TEX. R. CIV. P. 193.6(b).

Gray asserts that Skelton did not respond to his requests for production leading up to the summary judgment hearing, and therefore, Skelton's evidence was properly excluded under rule 193.6. In response, Skelton argues that this same evidence was attached to her original motion for summary judgment when the present malpractice suit was originally filed in 2021. Because it has been in Gray's possession for years, Skelton contends that it could not have caused unfair surprise

or prejudice. While Gray does not contest that he had the evidence, he argues that Skelton's failure to disclose her intent to use it to prove Skelton's innocence in the present proceeding put him at a disadvantage in preparing his motion for summary judgment. Specifically, Gray claims that he filed a no-evidence motion for summary judgment because, based on the lack of discovery response, he believed Skelton had no evidence to offer as to innocence.

In addressing this issue, we draw attention to the contents of Gray's request for production. The first request reads:

> . . . produce the documents, communications, or testimony, *aside from* the transcript of the deposition of Patricia Skelton taken on December 9th, 2004, *the verdict from and transcript of In re Estate of Ysidro A. Canales, Deceased, Cause No. 09-02-19336-CV in the 38th District Court of Medina County, Texas, and Patricia Skelton's testimony from and the transcript of The State of Texas vs. Patricia Skelton, Cause No. 07-12-11, 035 CR in the 38th District Court of Uvalde County, Texas*, relating to and/or supporting your contention that Patricia Skelton is actually innocent of the crime of forgery . . . (emphasis added)

By the clear language of Gray's request for production, he was aware that the Probate Verdict, the Probate Transcript and the Criminal Transcript, existed and were evidence of Skelton's innocence. Indeed, he excluded them from his request. It is disingenuous for Gray to now claim he might not have filed a no-evidence motion for summary judgment had these documents been provided in response to his discovery requests. To the extent it based the exclusion of the Probate Verdict, the Probate Transcript and the Criminal Transcript on Gray's Rule 196 objection, we find the trial court abused its discretion as those documents were explicitly excluded from Gray's discovery requests.

The Habeas Transcript, on the other hand, was not excluded in the request for production and should have been disclosed. Because Skelton failed to do so, she bears the burden of showing there was good cause for her failure to respond to discovery or her failure did not unfairly surprise or unfairly prejudice Gray. TEX. R. CIV. P. 193.6(b). Both parties argue that the length of this

litigation and its ancillary proceedings support their respective positions. Gray claims that the evidence at issue has been a large part of the litigation for at least a decade and, therefore, Skelton had no excuse for failing to disclose her intent to use it in the innocence portion of this malpractice proceeding. Conversely, Skelton claims that because the events surrounding the habeas proceeding have been such an integral part of this litigation, both parties participated in the habeas proceeding, and Gray is already in possession of the transcript, Gray cannot claim surprise or prejudice in not receiving the transcript as a response to his discovery requests. Skelton offers no further explanation for failing to produce the evidence during discovery.

A trial court has broad discretion to determine whether the introducing party has satisfied the burden of showing good cause or lack of surprise or prejudice when attempting to introduce undisclosed evidence. *See Syrian American Oil Corp., S.A. v. Pecten Orient Co.*, 524 S.W.3d 350, 366 (Tex. App.—Houston [1st Dist.] 2017, no pet.). Further, this exception to Rule 193.6 "implies a good-faith effort on the responding party to answer discovery requests." *In Interest of D.W.G.K.*, 558 S.W.3d 671, 685 (Tex. App.—Texarkana 2018, pet. denied). Otherwise, the party could completely ignore discovery requests and simply argue that the lack of surprise allows them to introduce the evidence. *Id*. In this case, the record shows that all the parties knew the Habeas Transcript existed and that Skelton knew she would be relying on it in her malpractice case at least as early as 2021. Skelton has offered no explanation at all for her failure to disclose her intention to use the Habeas Transcript as evidence of her innocence. Under these facts, it would be reasonable to conclude that Skelton did not act in good faith regarding the discovery requests. This, coupled with the contradicting arguments of counsel regarding prejudice, support the trial court's decision to exclude the evidence. Accordingly, we find the trial court did not err in sustaining Gray's Rule 193.6 objection to the Habeas Transcript.

**B.** **Hearsay Objection**

In addition to his Rule 193.6 objection, Gray objected to the Criminal Transcript, the Will Contest Transcript and the Habeas Transcript on hearsay grounds. According to the Texas Rules of Evidence, hearsay is defined as an out of court statement offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay is not admissible unless a statute or other rules prescribed under statutory authority provide otherwise. Tex. R. Evid. 802. Statements made in prior trials or hearings are generally considered hearsay if offered to prove the truth of what was stated during those proceedings. Tex. R. Civ. Evid. 801(d). While certain exceptions to hearsay might apply, it is the proponent's burden to establish an applicable exception that would make the evidence admissible. *Volkswagen of America, Inc. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2004).

**1. Probate Transcript**

Skelton relies on Texas Rule of Evidence 803(22) to overcome Gray's hearsay objection to the Probate Transcript. Rule 803(22) allows evidence of a final judgment of a *felony conviction* to be admitted over a hearsay objection if, among other things, the judgment was entered after a trial or guilty plea. *See* Tex. R. Evid. 803(22)(A) (emphasis added). The express language of the rule limits it to felony criminal convictions. It does not apply to civil judgments or to probate verdicts. Accordingly, we find the trial court did not err in sustaining Gray's hearsay objection to the Probate Transcript.

**2. Criminal Trial Transcript**

Skelton argues that her own testimony during the forgery trial is admissible under Texas Rule of Evidence 804. In a civil trial, hearsay is admissible in the form of (1) an unavailable witness's testimony that was (2) given as a witness at a trial or hearing and is (3) offered against a party (or a person with similar interest) (4) who had an opportunity to develop the testimony by

direct, cross, or redirect examination. TEX. R. EVID. 804(b)(1)(A). In this case, it is indisputable that Skelton, by virtue of her death, is unavailable and that she testified in her own defense at her forgery trial. Further, it is difficult to say that Gray and the criminal prosecutor at Skelton's forgery trial do not have similar interest. Because they both seek to prove that Skelton committed forgery, any development of Skelton's testimony would have had the same motive. The question of whether it is being offered against a party is, however, in dispute, bringing into play the intricacies of the bifurcated trial. Gray claims that, because the Criminal Transcript is being offered in the innocence portion of the trial, it is not being offered against Gray, but in favor of Skelton. On the other hand, Skelton claims that the transcript is clearly being offered against Gray because Gray is the opposing party in this case.

Courts may order separate trials for any claim or any separate issue to further convenience or avoid prejudice. TEX. R. CIV. P. 174(b). Bifurcation occurs to enable the court to address specific issues separately without trying all controverted issues at the same time, not to completely insulate one proceeding from the other. *See In re Koehn*, 86 S.W.3d 363, 366 (Tex. App.—Texarkana 2002, orig. proceeding). While the issues are tried separately, they are still part of the same lawsuit and will ultimately be resolved in a single final judgment. *Id*. As such, we cannot say that Gray is not a party in the innocence portion of this case. The evidence Skelton seeks to use in support of her innocence is, by necessity, against Gray's interest. If it achieves its purpose, it will allow Skelton to proceed against Gray on the merits of her malpractice claim. Because Skelton's testimony in her criminal trial falls within the rule 804(b)(1) exception to hearsay, we find the trial court erred in excluding it to the extent its decision was based on Gray's hearsay objection.

The Criminal Transcript also contains statements by Gray in his capacity as her defense attorney. Skelton argues that Gray's statements are statements of a party opponent as contemplated

by Texas Rule of Evidence 801(e)(2). Gray claims that he cannot be considered a party opponent in this case as he was acting as Skelton's attorney and not as an individual when he made the statements. It is true that an attorney stands in the place of their clients, acting as a representative and advocating for the client's interests. *Ex parte Ellis*, 275 S.W.3d 109, 120 (Tex. App.—Austin 2008, orig. proceeding) *McMahan v. Greenwood,* 108 S.W.3d 467, 488 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Because an attorney speaks for a client and the client has the decision-making authority regarding the representation, statements made by an attorney in the course of representation "reflect the beliefs, wishes, or recollections of their client and rarely represent personal statements by the lawyer." *Ex Parte Ellis*, 275 S.W.3d at 120. Accordingly, Gray's statements during Skelton's criminal trial cannot be considered his own, and fall outside of the Rule 801(e)(2) exception to hearsay. As a result, we find that the trial court did not err in sustaining Gray's hearsay objection to those portions of the Criminal Transcript containing his statements.

Skelton raises the same argument regarding Texas Rule of Evidence 801(e)(2) in relation to Gray's testimony during Skelton's habeas corpus hearing. As discussed above, we find the Habeas Transcript was properly excluded pursuant to Texas Rule of Civil Procedure 193.6. It is, therefore, unnecessary for us to address Skelton's arguments as to whether it was admissible under a hearsay exception.

## C.    Relevancy Objection

Finally, Gray objected to all the transcript excerpts and the Probate Verdict on relevancy grounds. The only transcript excerpts we have not already determined to be properly excluded is the portion of the Criminal Transcript containing Skelton's testimony. We will, therefore, address Skelton's relevancy argument only as it pertains to those portions of the Criminal Transcript and

to the Probate Verdict. In the Probate Verdict, the jury addresses each of the elements of forgery, including Skelton's intent:

> Did Patricia Foster Skelton, with intent to defraud or harm another, alter the writing described in Question No. l so it purports to be the act of Ysidro A. Canales, who did not authorize the act, and Patricia Foster Skelton knew at the time she filed said document with the Real County Probate Court that it was a forged writing?
> Answer "Yes" or "No."
> ANSWER:   NO

Also relevant to intent, Skelton's testimony in the Criminal Transcript speaks to her state of mind when she filed her client's altered will with the probate court. Specifically, Skelton testifies that her intent in altering the illegible will was to "make a better copy of it"in an attempt to "honor [her] client's wishes." The testimony continues:

> Q.    Did you ever mean at any time to defraud or harm anyone?
> A.    No, never ever did I mean to hurt, harm or defraud anyone.

Under Texas Rule of Evidence 401, evidence is considered relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence," and if "the fact is of consequence in determining the action." TEX. R. EVID. 401. This is a question of logical connection, not of weight or credibility. *See PNP Petroleum I, LP v. Taylor*, 438 S.W.3d 723, 732 (Tex. App.—San Antonio 2014, pet. denied). However, relevance alone does not guarantee admissibility. Rule 403 permits a court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion, delay or needless cumulation. TEX. R. EVID. 403. However, exclusion under Rule 403 should be the exception and not the rule, particularly where the evidence directly addresses a central issue. *LSR Joint Venture No. 2 v. Callewart*, 837 S.W.2d 693, 698 (Tex. App.—Dallas 1992, writ denied).

The only issue before the court in this case is whether Skelton is actually innocent of forgery. In this proceeding, she is bound to prove her innocence by a preponderance of the

evidence. *See Gray*, 595 S.W.3d at 639. Skelton has never claimed that she did not alter her client's will; instead, the controlling issue from the inception of these proceedings has been Skelton's intent to harm or defraud. Indeed, if she is unable to prove that she did not intend to harm or defraud another when she altered the will and filed it with the court, her actual innocence claim will fail. *See* TEX. PENAL CODE ANN. §32.21(b) (establishing intent to harm or defraud as necessary element of forgery). Consequently, any evidence pointing to Skelton's intent in altering the will is, without question, relevant to a material issue in this case. *See Parks v. State*, 746 S.W.2d 738, 741 (Tex. Crim. App. 1987) (finding evidence of intent relevant because "[t]he issue of intent is of such overriding importance in a case of forgery."). Nothing in Rule 401 requires us to consider the source of the evidence in determining relevance as Gray suggests. Gray claims that because the Probate Verdict came from a trial at which Skelton's guilt or innocence of forgery was not at issue and was litigated less intensely, it is less relevant. We disagree. "Probative value refers to how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation." *Valadez v. State*, 663 S.W.3d 133, 142 (Tex. Crim. App. 2022); *In re Estate of Denman*, 362 S.W.3d 134, 141 (Tex. App.—San Antonio 2011, no pet.). Both documents, taken alone, tip the scale in favor of a finding that Skelton is innocent of forgery and are, therefore, relevant to this proceeding. *See id*.

However, as noted above, relevant evidence may not be admissible when its relevancy is outweighed by the unfair prejudice its admission could cause. *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 836 (Tex. 2018). As to the Probate Verdict, Texas courts have consistently held that a prior judgment or verdict is not admissible to prove contested issues in a subsequent proceeding unless the parties and issues are identical. *John Deere Co. v. May*, 773 S.W.2d 369, 374 (Tex. App.—Waco 1989, writ denied). This principle is rooted in concerns about fairness

and the potential prejudicial effect of introducing prior judgments to establish facts in subsequent cases. *Brown & Brown of Texas, Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 402 (Tex. App. Houston [1ˢᵗ Dist.] 2010, pet. denied) (citing *Davis v. Zapata Petroleum Corp.*, 351 S.W.2d 916, 922 (Tex. App.—El Paso 1961, writ ref'd n.r.e.). "The fact that another jury had [ ] determined the very questions at issue in the present trial would have had a strong tendency to induce the jury in the subsequent case to reach the same conclusion and would therefore have been very prejudicial." *Id*.

While a portion of the Probate Verdict addresses an issue identical to the point of contention in this case, the parties are not the same. Moreover, the case was tried in a completely different legal context. In the will contest proceeding, the ultimate issue before the jury was the distribution of an estate, not whether Skelton forged the will. As such, there is a likelihood that the issue of forgery was not fully litigated, or even that the jury decided the issue of forgery in a manner that would enable them to get to the ultimate issue of estate distribution according to the testator's intentions. If either is the case, the verdict regarding forgery is unreliable. To make that determination, it would take significant time and legal resources to flush out the differences between this case and the will contest in terms of parties, facts, applicable law and legal implications. Given the Probate Verdict's tendency to muddy the water of this proceeding, the trial court was within its discretion to find that its probative value was outweighed by its prejudicial effects. *See Davis v. Zapata Petroleum Corp.*, 351 S.W.2d 916, 922 (Tex. App.—El Paso 1961, writ ref'd n.r.e.). Therefore, we find the trial court did not err in sustaining Gray's Rule 403 objection to the Probate Verdict.

A similar result is not reached, however, regarding Skelton's testimony in the Criminal Transcript. The relevant issues in the criminal trial and this case are identical, and, aside from

differing burdens of proof, the legal framework in each of the cases is virtually the same. There is nothing about the testimony or the legal context in which it was given that would confuse a factfinder or require additional expenditures of time and resources to make it clear. Because there is nothing unfairly prejudicial about Skelton's testimony in the Criminal Transcript, we find the trial court erred in sustaining Gray's Rule 403 objection. *See LSR Joint Venture No.2,* 837 S.W.2d at 698 ("[A]ll relevant evidence is admissible and should not be excluded without 'very good cause.'").

## SUMMARY JUDGMENT

We review an order granting summary judgment *de novo,* viewing the evidence in the light most favorable to the non-movant and disregarding all contrary evidence and inferences. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). In a no-evidence motion for summary judgment, where the movant alleges there is no evidence to support an essential element of a claim on which a non-movant has the burden of proof at trial, the burden shifts to the non-movant to present evidence that raises a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i); *see Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). When both parties move for summary judgment and the trial court grants one motion and denies the other, we review all the summary judgment evidence, determine all issues presented, and render the judgment the trial court should have rendered. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009).

Here, because Skelton's testimony in the Criminal Transcript constitutes some evidence of Skelton's innocence by negating an element of the crime of forgery, we find the trial court erred in granting Gray's no-evidence motion for summary judgment. *See Smith v. O'Donnell*, 288

S.W.3d 417, 424 (Tex. 2009) (noting the nonmovant will defeat a no-evidence summary judgment by presenting *more than a scintilla* of evidence to raise a fact issue (emphasis added)); TEX. R. APP. P. 166a(i). The evidence, though, is not conclusive. On this record, there remain genuine issues of material fact surrounding the question of Skelton's innocence. The weight to be given to the evidence remaining is for a factfinder to determine. *See, e.g., Moore v. Owens*, 298 Ill.App.3d 672, 231 Ill.Dec. 169, 698 N.E.2d 707, 709 (1998) (holding that an acquittal on retrial would be evidence for a factfinder to consider in malpractice trial against criminal attorney). The trial court did not, therefore, err in denying Skelton's motion for summary judgment.

Based on these findings, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

H. Todd McCray, Justice